# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1148V
UNPUBLISHED

| | |
|---|---|
| STACIE WILSON,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: April 3, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On August 7, 2018, Stacie Wilson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 17, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 6, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On April 1, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $65,000.00. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $65,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| STACIE WILSON,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | No. 18-1148V<br><br>Chief Special Master Corcoran<br>ECF |

### PROFFER ON AWARD OF DAMAGES

On August 7, 2018, Stacie Wilson ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The Petition alleged that petitioner suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") following her receipt of a an influenza ("flu") vaccine on October 17, 2016. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on November 1, 2019. Based on Respondent's Rule 4(c) Report the Court found petitioner entitled to compensation.

**I.   Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $65,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.   Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made

1

through a lump sum payment of **$65,000.00**, in the form of a check made payable to petitioner.[1]

Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

          Respectfully submitted,

          JOSEPH H. HUNT
          Assistant Attorney General

          C. SALVATORE D'ALESSIO
          Acting Director
          Torts Branch, Civil Division

          CATHARINE E. REEVES
          Deputy Director
          Torts Branch, Civil Division

          HEATHER L. PEARLMAN
          Assistant Director
          Torts Branch, Civil Division

          s/Jennifer L. Reynaud
          JENNIFER L. REYNAUD
          Trial Attorney
          Torts Branch, Civil Division
          U.S. Department of Justice
          P.O. Box 146
          Benjamin Franklin Station
          Washington, D.C. 20044-0146
          Tel: (202) 305-1586

Date: April 1, 2020

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.